IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 3:09-cr-106-LSC |
| TOMMIE LEE NELMS | ) | [wo] |
| | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before the Court are Defendant's *Motion to Suppress* and *Motion to Sever* (Doc. Nos. 56 and 57, filed 10/2/09), and the Government's *Responses* (Doc. Nos. 63 and 62, filed 10/19/09). Defendant Tommie Lee Nelms (hereinafter "Nelms" or "Defendant") seeks to exclude the physical evidence obtained by law enforcement during a search of his property on May 22, 2009. The motion to sever was referred to the undersigned for recommendation (Doc. 61, 10/16/09). After an evidentiary hearing and due consideration of briefs, arguments, exhibits, and applicable law, the Magistrate Judge recommends that the District Court **DENY** both motions.

## I. FINDINGS OF FACT

Agent Robert Greenwood ("Greenwood") of the U.S. Drug Enforcement Agency (DEA) adopted a narcotics investigation conducted by the Auburn Police Department and Lee County Sheriff's Department. Greenwood said a now-deceased confidential informant ("CI") purchased cocaine hydrochloride and crack cocaine from Nelms and his co-defendants, his son Deon Nelms, and his nephew Quinci Nelms. Greenwood explained that Tommie Nelms was the target of the investigation and the buys with his

1

co-defendants were conducted with the goal of eventually purchasing from Nelms himself.

Greenwood's affidavit in support of a search warrant stated the CI made at least three controlled buys in the case before he became involved, but that he was personally involved in four controlled buys of crack cocaine from Nelms on March 26, April 7, April 16, and May 12, 2009.  (Def. Ex. #1).  The CI used serialized "buy" money during each of these four transactions, and law enforcement utilized air surveillance during the latter two transactions.  Each buy was conducted at Nelms' residence, but Nelms never allowed the CI to see where he kept the crack cocaine.  On March 26, 2009, the CI said he met Nelms in front of the house and that Nelms walked around the residence, returning with a gallon-sized plastic bag of crack.  The CS went into Nelms' house to complete the transaction.  During the April 7, 2009 transaction the CI was invited into Nelms' house, and Nelms went somewhere outside the house to retrieve the crack.  The CI estimated that Nelms was gone for approximately 15 minutes.  Greenwood became aware of Nelms' lengthy absence when he debriefed the CI, but did not include this information in his affidavit.

On April 16, 2009, the CI met with Nelms in the shed approximately 20 to 30 yards from the house.  Nelms told the CI to lift weights while he retrieved the crack.  The officers conducting aerial surveillance observed Nelms walk across an open field to a wooded area adjacent to his property before returning to the shed with the crack.  Agent Greenwood identified the open field as the property of Nelms' son, Roderick Nelms. Roderick Nelms' 1.7 acres of property adjoins the 3.17 acres owned by his father, but

there are no clear markers or fences to indicate the land border between the elder and junior Nelms.  Both properties share the same address of 9607 Lee Road 72, Waverly, Alabama.  During the final transaction on May 12, 2009, Nelms again met the CI at his shed, then instructed the CI to sit on the porch back at the house.  Nelms walked back toward the shed and returned with the crack.  Greenwood concluded his affidavit with a statement that he believed quantities of cocaine base could be located "in and around Tommie Nelms' residence at 9607 Lee Road 72."

Greenwood presented the foregoing information about the controlled buys in his affidavit to United States Magistrate Judge Charles S. Coody on May 14, 2009.  The affidavit specified that the entire 4.87 acres was the object of the search.  Judge Coody authorized a search of the entire property.  Officers executed the search warrant on May 22, 2009.  Crack cocaine, serialized buy money, and a firearm were all found in Nelms' house.

On July 1, 2009, the Grand Jury for the Middle District of Alabama indicted Nelms, Deon Nelms, and Quinci Nelms for conspiracy to possess with intent to distribute and distribute quantities of cocaine base, or "crack cocaine," and cocaine hydrochloride, both Schedule II Controlled Substances, in violation of 21 U.S.C. § 841(a)(1).  *See* Doc. 1.  The eleven-count Indictment charges Nelms in Count One with the general conspiracy.  Counts Two, and Seven through Ten charge Nelms with the knowing and intentional distribution of 5 grams or more of cocaine base.  Count Eleven charges Nelms with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (1).

On October 2, 2009, Nelms filed a *Motion to Suppress* (Doc. 56) and a *Motion to Sever* (Doc. 57). The *Motion to Suppress* alleges the affidavit in support of the search warrant was overly broad as to the area to be searched, and failed to particularize the items to be seized. The *Motion to Sever* argues that Nelms' defense is antagonistic to that of his co-defendants. Nelms expects his co-defendants to argue the police obtained much greater incriminating evidence from Nelms and that, conversely, much less evidence was found to implicate the co-defendants. The motion recognizes the preference in the federal rules for judicial economy, and argues that a joint trial in this case would likely contravene that goal because of the likelihood of repeated objections to testimony and evidence. The Court heard argument and received evidence from the parties on October 26, 2009. [1]

## II. DISCUSSION AND ANALYSIS

### The Motion to Suppress

The Fourth Amendment guards "[t]he right of the people to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const., amend. IV. Nelms argues the search of the entire 4.87 acres of the property owned by himself and Roderick Nelms was overbroad, and that the entire property should not have been subject to search. The defense expresses great concern that the warrant overreached to the point of offending the Fourth Amendment, as no contraband was actually discovered outside of Nelms' house. Nelms correctly argues that suppression is

---

[1] Nelms requested the Court to incorporate the transcript from the severance hearing conducted on motion of his co-defendant, Deon Terese Nelms. The Court granted the request, and the proceedings conducted on September 16, 2009 are hereby incorporated by reference.

a remedy where a warrant is "so facially deficient" that it fails to "particularize the place to be searched or the things to be seized." *United States v. Leon*, 468 U.S. 897, 922, 104 S.Ct. 3405 (1984).   Under *Leon*, suppression is required "only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Leon, id.* at 926.

Greenwood's testimony and affidavit showed that Nelms kept secret where he hid his crack cocaine.  Nelms was comfortable enough with the CI to invite him into his home, but he did not permit the CI to know where the crack was hidden.  Indeed, Nelms seemed to use a different hiding place during each of the four transactions described by Greenwood.  The United States presented evidence that Nelms retrieved crack cocaine from different and unknown locations which necessitated a search of the entire property. The breadth of the search area in this case does not reflect recklessness or lack of respect for the Fourth Amendment.   Rather, the broad search area reflects uncertainty deliberately created by Nelms as to where a search by law enforcement or thieves should focus.  Nelms' absences during the transactions were such that neither the CI, nor officers conducting aerial surveillance, could pinpoint where the crack was hidden.   The application to search both properties was prompted by Nelms' movements during the transactions, as officers were not sure whether or not his son's property was used to hide the cache.  The judge who reviewed the affidavit and issued the affidavit knew the land to be searched had two owners but only one address.  Thus, the judge was not misled into signing a warrant. *Leon*, *id*.

The Court finds the warrant was not overbroad, as the facts support a search of the entire 4.87 acres owned by Nelms and his son.  The information relayed to the officers by the CI did not permit them to specify a smaller area, as Nelms' varied routine and secrecy would lead any responsible officer to search all land surrounding the house.

Nelms' argument that the warrant did not identify with sufficient particularity the items to be seized also fails.  Greenwood testified he did not anticipate finding a firearm on Nelms' property, but that does not forbid its seizure and introduction into evidence at trial.  Nelms acknowledged this Circuit's cases which hold firearms are tools of the narcotics trade.  *See United States v. Smith*, 918 F.3d 1501, 1509 (11th Cir. 1990) (finding warrant was not overbroad and that firearms, though not named in warrant, were correctly seized as "tools of the trade.")  The firearm was contraband as to Nelms, a previously convicted felon.  The firearm should therefore be admitted at trial.

## The Motion to Sever

Defendants may be jointly charged "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  Fed. R. Crim. P. 8(b).  Rule 14 addresses relief from prejudicial joinder, stating "[I]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Fed. R. Crim. P. 14(a).  Nelms argues severance is appropriate under Fed. R. Crim. P. 14 to prevent prejudice against him, while the United States responds that joinder is supported by the facts, and is favored

under Fed. R. Crim. P. 8(b).  Both parties cite *Zafiro v. United States*, 506 U.S. 534, 113 S.Ct. 933 (1993), as authority for their respective positions.

Nelms believes his co-defendants will attempt to portray the contraband seized at his home as evidence of his guilt, and their own innocence.  He believes the complications of antagonistic defenses in this case create a situation where separate trials would be more economical than a joint trial.  Nelms cites *Zafiro* for its statement that severance under Rule 14 should be granted where a joint trial would prevent the jury from making a reliable judgment about guilt or innocence.  *Zafiro*, 506 U.S. at 539.

The Eleventh Circuit recently noted in *United States v. Chavez,* ___ F.3d ___, 2009 WL 3320314 (Oct. 16, 2009) that severance is rarely granted, even where the defendants rely upon mutually antagonistic defenses.  *Chavez* at *2-3.  In *Zafiro*, the Supreme Court acknowledged a defendant's risk of prejudice when he is tried with co-defendants who have different degrees of culpability.  *Id*.  However, the United States based its joint indictment on the evidence which it believes shows a single conspiracy between the defendants.  Evidence showed the CI was instructed to complete transactions with Nelms' co-defendants as a way to eventually buy from him.  The United States expects to present witnesses who will provide testimony against all defendants.  Consequently, the United States argues that judicial economy is an important reason not to sever these trials. *United States v. Talley*, 108 F.3d 277, 279 (11th Cir. 1997).

The United States cites *Zafiro* for its holding that the federal judiciary prefers joint trials for persons indicted together.  *Zafiro, id*. at 537.  Even in cases where co-defendants have mutually exclusive defenses, a severance is rarely the remedy.  *Id*. at 538.  The

decision also notes "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Id*. at 540; *see also Chavez* at *3. Further, it reasoned, Rules 8(b) and 14 are intended "to promote economy and efficiency and to avoid a multiplicity of trials," where joinder does not substantially prejudice a defendant's right to a fair trial. *Id*. With this goal in mind, *Zafiro* instructs that district courts may use limiting instructions to cure risk of prejudice, rather than the drastic remedy of severance. *Id*. at 539.

The Court finds that the evidence proffered by the United States supports joint indictment of these defendants, and therefore, joint trial under Rule 8(b). Though Nelms has expressed concern for the a fluid trial with minimal interruption, the federal rules provide adequate remedies for any disorder which results from antagonistic defendants. Further, a properly instructed jury can consider Nelms's alleged conduct separately from that of his co-defendants, and likewise, can distinguish between actual evidence presented against him versus unsupported accusations by his co-defendants. *Zafiro*, *id*.

### III.  CONCLUSION

Pursuant to the foregoing findings and conclusions, it is the **RECOMMENDATION** of the Magistrate Judge that Defendant's *Motion to Suppress* (Doc. 56) and *Motion to Sever* (Doc. 57) be **DENIED**.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation not later than **November 19, 2009.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by

the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 6th day of November, 2009.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE